IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-508-FL

| | | |
|---|---|---|
| ROBERT EDWARD OEHMAN, JR. Trustee of the Robert Edward Oehman, Jr. Revocable Trust; CHARLOTTE TEICHMAN OEHMAN Trustee of the Charlotte Teichman Oehman Revocable Trust; CHARLES H. MUNN; JUDY C. MUNN; GRAHAM LYTHGOE; and KATHRYN LYTHGOE, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| CONCERT MACGREGOR DOWNS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on plaintiffs' motion to remand (DE 18), pursuant to 28 U.S.C. § 1447. Defendant has responded in opposition, and the time for replies has passed. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiffs' motion is granted and this case is remanded to the Superior Court of Wake County, North Carolina.

**STATEMENT OF THE CASE**

Plaintiffs commenced this action in Superior Court of Wake County on May 21, 2018, asserting claims for trespass, nuisance, negligence, and breach of covenants related to excessive sedimentation of a lake abutting their properties and for flooding of their respective properties caused by the accumulated sediment in the lake (hereinafter, the "lake"). Plaintiffs seek compensatory damages and injunctive relief as discussed in further detail herein.

Defendant answered the complaint in state court on July 20, 2018, and it filed requests for statement of monetary relief pertaining to each of the plaintiffs on August 14, 2018. Each plaintiff filed a statement of monetary relief on October 17, 2018. Defendant filed a notice of removal in this court on October 25, 2018, on the basis of diversity jurisdiction, where plaintiffs are citizens of North Carolina and defendant is a Delaware company, and where plaintiffs specified damages in excess of $75,000.00 in their statements of monetary relief.

Plaintiffs filed the instant motion for remand, on the basis that defendant did not timely remove the matter pursuant to 28 U.S.C. § 1446. Plaintiffs argue that the amount in controversy in excess of $75,000.00 was plain from the face of the complaint, and that defendant knew of the value of injunctive relief at the time the complaint was filed. In support of their motion, plaintiffs rely upon correspondence between the parties and other documentation dating prior to commencement of suit pertaining to proposals for remediation of sediment in the lake. Plaintiffs also request attorneys fees and costs pursuant to 28 U.S.C. § 1447(c).

Defendant responded in opposition to remand on December 17, 2018, arguing that its notice of removal was timely because the amount of controversy was not clear from the face of the complaint, and that pre-suit communications cannot establish amount in controversy.

In the meantime, the court entered case management order setting a December 2, 2019, deadline for discovery in this case.

## COURT'S DISCUSSION

A.  Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"An untimely removal is a defect in removal procedure," providing a basis for remand under § 1447(c). Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994). "[R]emoval statutes must be construed narrowly, and any doubt about the propriety of removal should be resolved in favor of remanding the case to state court." Barbour v. Int'l Union, 640 F.3d 599, 615 (4th Cir. 2011) (applying rule in analyzing timeliness of removal); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

B.   Analysis

   1.   Untimely Removal

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3) (emphasis added).

"[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). "Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal." Id. The court need not "inquire into the subjective

3

knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." Id. Rather, the court should "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Id.

The issue thus presented in this case is whether the initial pleading in this case gave notice to defendant of an amount in controversy in excess of $75,000.00. If so, the notice of removal filed more than 30 days thereafter is untimely. If not, the notice of removal was timely filed within 30 days after the statements of monetary relief provided by plaintiffs.

The complaint in this case unambiguously gave notice to defendant of an amount in controversy in excess of $75,000.00. The complaint alleges that plaintiffs are property owners of three separate properties designated in the complaint as follows:

1) Plaintiffs Robert Edward Oehman, Jr. and Charlotte Teichman Oehman, as trustees of revocable trusts in their names, (the "Oehmans") are owners of a property with a home located at 110 Duncansby Court, Cary, North Carolina, adjacent to the lake owned by defendant. (Compl. ¶ 14).

2) Plaintiffs Charles H. Munn and Judy C. Munn (the "Munns") are owners of a property with a home located at 112 Duncansby Court, Cary, North Carolina, adjacent to the lake owned by defendant. (Id. ¶ 15).

3) Plaintiffs Graham Lythgoe and Kathryn Lythgoe (the "Lythgoes") are owners of a property with a home located at 108 Duncansby Court, Cary, North Carolina, adjacent to the lake owned by defendant. (Id. ¶ 16).

In support of their claim for trespass, plaintiffs allege that defendant caused "water, sand, sediment, debris and other materials to be discharged" from the lake onto their properties, and that they are entitled to injunctive relief enjoining such discharge. (Compl. ¶¶ 60, 63). Plaintiffs seek monetary relief as follows:

> The Plaintiffs are each entitled to recover monetary damages from [defendant] for all past, present and future harm from Defendant's repeated trespass which caused injury, harm or damage to the Plaintiff's personal and real properties in an amount that may be shown in discovery and proven at trial, but reasonably believed to be in in [sic] excess of $25,000.00 for each property, including but not limited to their direct, consequential and incidental damages, interest, costs, attorney's fees if allowed by law and other relief the Court may deem just and proper.

(Id. ¶ 64) (emphasis added).

In addition, for the remaining claims for nuisance, negligence, and breach of covenants, plaintiffs state that "the Plaintiffs are each entitled to recover monetary damages from [defendant] for all past, present, and future harm, in an amount that may be shown in discovery and proven at trial, but reasonabl[y] believed to be in excess of $25,000.00." (Id. ¶¶ 76, 82, 93) (emphasis added). Finally, in their prayer for relief, plaintiffs seek:

1) "That the Oehmans . . . have and recover a judgment against [defendant] in amount in excess of $25,000.00. . . ." (Compl. p. 20).

2) "That the Munns have and recover a judgment against [defendant] in amount in excess of $25,000.00 . . . ." (Id.).

3) "That the Lythgoes have and recover a judgment against [defendant] in amount in excess of $25,000.00 . . . ." (Id. at 21).

Plaintiffs also seek injunctive relief ordering defendant "to remove the silt and sediment in the Lake in the area(s) adjacent to the Plaintiffs['] homes," and "to maintain its property including the Lake,

5

to keep it free from excessive sediment." (Id.). In the body of the complaint, plaintiffs allege, among other things, that they "offered [defendant] to pay up to $50,000 towards the sediment removal." (Compl. ¶ 55).

Determination of the amount in controversy based upon such allegations in the complaint is governed by claim aggregation rules developed for purposes of federal diversity jurisdiction. Generally, "plaintiffs may aggregate smaller claims in order to reach the jurisdictional threshold." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010); Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995); Stone v. Stone, 405 F.2d 94, 96 (4th Cir. 1968). Although the Fourth Circuit has not addressed the issue, district courts in this circuit have recognized that "the aggregation rule operates whether or not the claims involved arise out of the same transaction or occurrence." Allstate Ins. Co. v. Hechinger Co., 982 F. Supp. 1169, 1171 (E.D. Va. 1997); see Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1588 (3d ed.) (same); see e.g., Thind v. PNC Bank, Nat. Ass'n, No. 5:13-CV-00619-FL, 2013 WL 6326600, at *2 (E.D.N.C. Dec. 4, 2013) (aggregating damages sought for "breach of contract, fraud, breach of covenant of good faith and fair dealing, and negligent misrepresentation" claims).

That said, claims pleaded in the alternative generally cannot be aggregated. See, e.g., Jones v. Jones, No. 7:06-CV-31-BR, 2006 WL 8438993, at *7 (E.D.N.C. Oct. 31, 2006) (stating that if "two claims are alternative bases of recovery for the same harm under state law, a plaintiff could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy") (quotation omitted); but see Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3704 (4th ed.) ("Aggregation is permitted even when the claims are asserted on alternative theories.").

6

In cases as here involving multiple plaintiffs, "[i]t is fundamental that each plaintiff must demonstrate the jurisdictional basis and allege the necessary amount in controversy." Feikema v. Texaco, Inc., 16 F.3d 1408, 1412 (4th Cir. 1994). Claims of multiple plaintiffs can be aggregated only if the plaintiffs are bringing suit premised upon an "undivided interest" or "single title or right." Glover v. Johns-Manville Corp., 662 F.2d 225, 231 (4th Cir. 1981). For example, claims that "arise out of a single instrument," can be "aggregated for purposes of jurisdiction in a suit against [a party] to establish liability under that instrument." Manufacturers Cas. Ins. Co. v. Coker, 219 F.2d 631, 633 (4th Cir. 1955).

Based on the foregoing rules, plaintiffs here meet the amount in controversy requirement in several different respects based upon the allegations in the complaint. Most simply, plaintiffs allege $25,000.00 in damages for four separate claims for relief. These claims are not pleaded in the alternative to one another, and they allege different harms. (See, e.g., Compl. ¶¶ 62, 69, 78-81, 87-89). Accordingly, these four claims for any and all plaintiffs aggregate to $100,000.00 in damages. See Shanaghan, 58 F.3d at 109; see, e.g., Thind, 2013 WL 6326600, at *2. Even if the nuisance claim can be deemed an alternative claim where damages are pleaded in the "[a]lternative to abatement," (id. ¶ 76), the other three claims still aggregate to exceed the $75,000.00 jurisdictional threshold.

In addition, the claim for breach of covenants independently is a claim for which all plaintiffs' damages may be aggregated for purposes of federal jurisdiction analysis. This is due to the fact that the claim "arise[s] out of a single instrument," and it can be "aggregated for purposes of jurisdiction in a suit against [defendant] to establish liability under that instrument." Coker, 219 F.2d at 633. Plaintiffs' $25,000.00 claims for damages due to breach of covenants thus may be

7

aggregated either to $75,000.00 (for three pairs of property owners sharing title) or $150,000.00 (if each plaintiff is treated separately for purposes of this claim).

Finally, in addition to the claims for damages, plaintiffs assert a claim for injunctive relief. While plaintiffs allege various alternative approaches to injunctive relief (see, e.g., Compl. ¶¶ 52-57 and p. 21), at least one is alleged with a specific dollar value: "Plaintiffs . . . offered [defendant] to pay up to $50,000.00 towards the sediment removal." (Compl. ¶ 55). In this respect, even limiting damages to $25,000.00, plaintiffs allege facts establishing an amount in controversy exceeding $75,000.00. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").[1]

As noted, defendant argues nonetheless that the amount in controversy is ambiguous and vague on the face of the complaint. Defendant contends that the complaint "contained an ambiguous description of unspecified damages, 'in an amount in excess of $25,000.00,' incurred by each individual plaintiff but also collectively as 'plaintiffs.'" (Resp. (DE 23) at 5). "Within the same Complaint the amount was only alleged for 'each property.' Yet, in other portions of the complaint, this amount was only pled, 'in the alternative.'" (Id.). Defendants note that "Since there are not an equal number of plaintiffs to the number of properties, it was not clear precisely the amount in controversy claimed." (Id. at 3).

Defendant is correct that the complaint contains ambiguities, but these ambiguities only materially impact the full extent of damages alleged and not the minimum amount of damages

---

[1] Because the jurisdictional threshold is met by the allegations in the complaint, the court need not reach plaintiffs' alternative argument that defendant had notice by virtue of pre-suit correspondence as to the value of the injunctive relief sought and referenced in the complaint.

alleged. At a minimum, damages must be aggregated for the multiple claims. From that point, the damages may be increased even more due to the breach of covenants claim, and due to the request for injunctive relief. The prayer for relief, which also does not specify any damages in the alternative, does not suggest a limitation in recovery to a single claim or single plaintiff. Likewise, as noted above, the fact that plaintiffs alleged damages for the nuisance claim as "[a]lternative to abatement" (id. ¶ 76), does not as a matter of law prevent aggregation, and it does not in any event alter the damages for the other claims or in the prayer for relief. In sum, if anything, the ambiguities in the complaint described by defendant suggest damages over rather than under the jurisdictional threshold.

Defendant cites to Hoffman v. Vulcan Materials Co., 19 F. Supp. 2d 475, 482 (M.D.N.C. 1998) in support of its position. Hoffman, however, is consistent with the court's analysis herein. There, according to the district court:

> In accordance with state law, plaintiffs listed their damages only as "in excess of $10,000." They each sought an amount in excess of $10,000 for damage to their homes and property from the blasting shocks, an amount in excess of $10,000 for the trespass and nuisance created by the dust and rocks which land on their property, and an amount in excess of $10,000 in punitive damages. They also asked for an injunction to prevent defendant's continuing trespass and nuisance.

Id. at 477. Based on these allegations, the district court determined that "[t]he plaintiffs have each requested in excess of $30,000 in damages in addition to an injunction," and that the value of injunctive relief must exceed "$45,000 to any one plaintiff" to meet the diversity jurisdiction threshold. Id. at 482.

In Hoffman, as here, the court aggregated the several alleged claims for damages, even though they arose out of the same transactions and occurrences. In Hoffman, as here, the court did not aggregate all claims of the multiple plaintiffs. Here, though, unlike in Hoffman, plaintiffs allege

9

a claim for breach of covenants, which is subject to aggregation as between multiple plaintiffs. In addition, the court here has more details about the allegations in the complaint and the differences in each claim for damages.[2] Furthermore, the complaint includes a specific allegation about the value of certain injunctive relief, albeit not all the injunctive relief sought. Finally, unlike in Hoffman, each claim includes an allegation of $25,000.00 in damages, rather than $10,000.00, more easily elevating the case above the jurisdictional threshold.

In sum, where the initial pleading in this matter "reveals a ground for removal," defendant was "bound to file a notice of removal within 30 days." Lovern, 121 F.3d at 162. Defendant's failure to do so is a defect in removal that requires remand under 28 U.S.C. § 1447(c). Therefore, plaintiff's motion for remand is granted.

2. Costs and Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Plaintiffs have not demonstrated that

---

[2] It is not clear from the opinion in Hoffman how many individual claims plaintiffs raised in that case, nor did the court discuss the issue of aggregation of the claims except with respect to treating claims for injunctive relief for each plaintiff separately. See Hoffman, 19 F. Supp. 2d at 482 n. 6. In addition, the damages calculation in Hoffman was pertinent to an alternative holding of the court, whereas the court's primary holding was that "the jurisdictional amount is clearly met merely on an income valuation" of the injunctive relief sought. Id. at 483.

they are entitled to costs and fees under the circumstances of this case. There are no unusual circumstances associated with the removal, where defendant filed its notice of removal shortly after receiving discovery responses. While the court ultimately has determined that defendant's removal was untimely and remand is proper, the court does not grant remand on all the grounds asserted by plaintiffs. Plaintiffs' alternative grounds for remand are not stronger than the grounds relied upon by the court herein. Moreover, plaintiffs did not file a reply. Therefore, the court declines in its discretion to award costs and fees.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to remand (DE 18) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Superior Court of Wake County, North Carolina. The court declines to award costs and fees. The clerk of court is DIRECTED to transmit to the Superior Court of Wake County, North Carolina, a certified copy of this order of remand, and to file on the docket herein a notice of such transmittal.

SO ORDERED, this the 18th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge